UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA ANN EVELETH,

    Plaintiff,

v.

    CASE NO. 2:14-cv-14879

    HON. MARIANNE O. BATTANI

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

**OPINION AND ORDER SUSTAINING THE DEFENDANT'S OBJECTIONS, ADOPTING IN PART THE REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

Before the Court are Defendant Commissioner of Social Security's objections (Doc. 21) to Magistrate Judge Mona K. Majzoub's December 4, 2015, Report and Recommendation ("R&R") (Doc. 20).  In the R&R, Magistrate Judge Majzoub recommended that the Court grant Plaintiff Melissa Ann Eveleth's Motion for Summary Judgment and deny the Commissioner's Motion for Summary Judgment.  Accordingly, the R&R recommends remanding Plaintiff's claims to the Commissioner for further administrative review.  For the reasons that follow, the Court **SUSTAINS** the Commissioner's objections, **ADOPTS IN PART** the R&R, **GRANTS** the Commissioner's Motion for Summary Judgment (Doc. 18), and **DENIES** Plaintiff's Motion for Summary Judgment (Doc. 16).

**II.   STATEMENT OF FACTS**

As the parties have not objected to the R&R's recitation of the facts, the Court adopts that portion of the R&R.  (See Doc. 20, pp. 2-5.)

### III. STANDARD OF REVIEW

#### A. Objections to a Magistrate Judge's R&R

A district court must conduct a *de novo* review of the portions of a magistrate judge's report and recommendation to which a party objects.  28 U.S.C. § 636(b)(1).  The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge.  Id.  The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).  Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate.  Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

The Sixth Circuit has made clear that "[o]verly general objections do not satisfy the objection requirement."  Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006).  Only specific objections are entitled to *de novo* review; vague and conclusory objections amount to a complete failure to object as they are not sufficient to pinpoint those portions of the R&R that are legitimately in contention.  Mira v. Marshall, 806 F.2d 636, 637 (6th Cir.1986) (per curiam).  "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).  "'[O]bjections disput[ing] the correctness of the

magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." Spencer, 449 F.3d at 725 (quoting Miller, 50 F.3d at 380).

### B. Standard of Review Applicable to Social Security Cases

This Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards. Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

When reviewing the Commissioner's factual findings for substantial evidence, the Court is limited to an examination of the record and must consider that record as a whole. Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the Commissioner or this Court discuss every piece of evidence in the administrative record. Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 508 (6th Cir. 2006). Further, this Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007).

**IV. DISCUSSION**

In seeking review of the Commissioner's denial of her claim for Title II Period of Disability and Disability Insurance Benefits, Plaintiff challenged many aspects of the Administrative Law Judge's (the "ALJ's") written decision.  Magistrate Judge Majzoub ultimately determined that the ALJ did not err either in his conclusion that Plaintiff's physical impairments did not qualify as "severe impairments" or in his consideration of the medical opinions relating to Plaintiff's physical condition.  However, Magistrate Judge Majzoub determined that the ALJ failed to elucidate his reasoning for adopting some portions of medical opinions relating to Plaintiff's mental impairments while disregarding other portions of the same opinions.  Specifically, the R&R finds that the residual functional capacity ("RFC") adopted by the ALJ does not account for (i) consultative examiner Steve Geiger, Ph.D.'s, conclusion that Plaintiff would have "difficulty consistently handling work pressure and stress," and (ii) treating source Ann Swan, M.A., L.P.'s, assessment that Plaintiff would miss one day of work per month due to her impairments.   For these reasons, the R&R recommends remanding Plaintiff's claim to the Commissioner for further administrative review.

The Commissioner has submitted objections to the R&R's conclusions with respect to Plaintiff's psychological condition only.  First, the Commissioner argues that the ALJ's decision not to incorporate into the RFC an express limitation to low stress work does not provide adequate grounds for remand.  The Commissioner asserts that a low-stress work environment is already encompassed within the present RFC limitations, namely "simple, routine, repetitive tasks; occasional decision-making; and occasional public interaction, coworker interaction, and supervision."

4

The Court notes that the hypothetical the ALJ posed to the Vocational Expert ("VE") when assessing Plaintiff's capacity to perform work incorporated a limitation to "low stress" work. Specifically, the ALJ asked the VE to assume an individual with physical limitations consistent with Exhibit 9F and functional or mental limitations consistent with Exhibit 7F, a report rendered by state agency reviewing source Ashok Kaul, M.D. (Tr. 760). Dr. Kaul opined that Plaintiff "is able to perform *low stress* simple unskilled work – on a fairly sustained basis from a psychological standpoint – with appropriate pacing and the usual breaks." (Tr. 294 (emphasis added)). Taking those limitations into consideration, the VE testified that Plaintiff would be capable of performing work in the national economy. (Tr. 760-61). Consequently, the fact that the ALJ did not expressly limit Plaintiff to low stress work constitutes no more than harmless error. See Kepke v. Comm'r of Soc. Sec., No. 15-1315, 2016 U.S. App. LEXIS 601, at *26 (6th Cir. Jan. 12, 2016) (holding that where an ALJ's imprecise characterization of a limitation makes no different in the ultimate outcome, that error is immaterial and harmless) (citing Potter v. Comm'r of Soc. Sec., 223 F. App'x 458, 463-64 (6th Cir. 2007)).

Furthermore, according to Social Security Ruling 85-15:

The reaction to the demands of work (stress) is highly individualized, and mental illness is characterized by adverse responses to seemingly trivial circumstances. The mentally impaired may cease to function effectively when facing such demands as getting to work regularly, having their performance supervised, and remaining in the workplace for a full day. A person may become panicked and develop palpitations, shortness of breath, or feel faint while riding in an elevator; another may experience terror and begin to hallucinate when approached by a stranger asking a question. Thus, the mentally impaired may have difficulty meeting the requirement of even so-called "low stress" jobs.
. . .

5

> Any impairment-related limitations created by an individual's response to demands of work, however, must be reflected in the RFC assessment.

The ruling's heavy emphasis on the individualized nature of stress tolerance is borne out in RFC determinations in other cases. For example, an ALJ determined that a claimant could perform work involving "no fast pace or strict production quotas, and including no arbitration, negotiation, confrontation, responsibility for the safety of others, and no supervisory responsibilities," Koster v. Comm'r of Soc. Sec., 15-3189, 2016 U.S. App. LEXIS 1826, *27-28 (6th Cir. Feb. 1, 2016), while another ALJ defined low stress work as "low production quotas, which also includes no high production pace," LaRiccia v. Comm'r of Soc. Sec., 549 F. App'x 377, 382 (6th Cir. 2013).

As noted by the ALJ in his discussion of the evidence, Plaintiff's affective disorder and anxiety disorder caused her to complain of fatigue, difficulty sleeping, loss of appetite, difficulty with concentration and memory, loss of interest in life activities, some suicidal ideation, and generalized anxiety. (Tr. 34, 318-20, 334). During her oral hearing, Plaintiff reiterated these symptoms, along with fear of crowded areas and interacting with others. (Tr. 747-53). From a functional standpoint, these symptoms do not suggest any particular circumstance that would be particularly stressful to Plaintiff beyond the limitations already contained in the RFC. Plaintiff's difficulties with concentration and memory are taken into account by limiting her to simple, routine, repetitive tasks with only occasional decision-making. Likewise, Plaintiff's anxiety associated with large groups of people and social interaction is taken into account by the limitation to occasional public interaction, coworker interaction, and supervision.

Contrary to Plaintiff's argument, this evidence supports the Commissioner's position that the RFC restrictions are equivalent to low stress work. Further, Plaintiff's

reliance on Ealy v. Commissioner of Social Security is unavailing. In that case, the Sixth Circuit remanded a disability claim because the ALJ failed to include speed- and pace-based restrictions in the hypothetical posed to the VE, where a non-examining source afforded great weight opined that the speed of the plaintiff's performance must not be critical to his job. 593 F.3d 504, 515-16 (6th Cir. 2010). In the present case, however, no evidence suggests such a specific limitation that is not accounted for in the RFC.

The parties also discuss at some length in their briefs whether the ALJ clearly afforded greater weight to Ms. Swan's opinion that Plaintiff's ability to cope with normal work stress was "limited but satisfactory" (Tr. 413) than to Dr. Geiger's opinion that she would encounter "difficulty consistently handling work pressure and stress" (Tr. 321). The Commissioner asserts that the ALJ was entitled to afford greater weight to Ms. Swan than to Dr. Geiger; however, Plaintiff agrees with the conclusion drawn by Magistrate Judge Majzoub in the R&R that the ALJ's written opinion failed to make any connection between Ms. Swan's and Dr. Geiger's opinions, such that the Court is unable to trace the path of his reasoning. In light of the Court's conclusion that the RFC contains sufficient restriction to low stress work, there is no need to resolve this dispute. Consequently, the Court finds that the ALJ did not err in excluding an explicit reference to "low stress" work in the RFC.

The Commissioner's second objection to the R&R concerns the finding that remand is warranted because the ALJ failed to articulate a rationale for not adopting Ms. Swan's statement that Plaintiff would be absent from work one day per month. There is no need to discuss the parties' respective arguments presented in their briefs

7

on this matter. The Court notes that during Plaintiff's oral hearing, her attorney questioned the VE regarding how many absences per month would typically be tolerated by employers. The VE replied, "Generally speaking for companies, it varies from one to two days per month or 16 hours." (Tr. 762). Accordingly, even if the RFC included such a limitation, it would not be work preclusive. Assuming without deciding that the ALJ erred by failing to include this limitation, such an error would be harmless, and remand on this basis is therefore inappropriate.

## V. CONCLUSION

For the foregoing reasons, the Court **SUSTAINS** the Commissioner's objections, **ADOPTS IN PART** the R&R, **GRANTS** the Commissioner's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**IT IS SO ORDERED.**

Date:  March 7, 2016                          s/Marianne O. Battani
                                                                MARIANNE O. BATTANI
                                                                United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 7, 2016.

                                                                             s/ Kay Doaks
                                                                             Case Manager